In the Matter of the Claim of MARGARET LYNCH, Appellant, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 4, 1956.

*Jeannette H. Harris* for appellant.

*Peter Campbell Brown, Corporation Counsel* (*Edward J. Russel, Seymour B. Quel* and *Emanuel Targum* of counsel), for Board of Education of the City of New York, respondent.

*Per Curiam.* On March 22, 1951, claimant fell into an elevator shaft during the course of her employment and sustained injuries which caused her total disability. From the accident date to July 13, 1951, claimant was paid her regular salary which was charged against sick leave and vacation allowances. From July 13, 1951, to her retirement on July 1, 1952, claimant was given a leave of absence with pay. The board awarded claimant total disability compensation but granted her employer, who had filed a timely request therefor, reimbursement for the full amount of salary paid claimant from the date of the accident to the time of her retirement.

The applicable portion of section 25 of the Workmen's Compensation Law provides: " If the employer has made advance payments of compensation, *or has made payments to an employee in like manner as wages during any period of disability,* he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due, provided his claim for reimbursement is filed before award of compensation is made ". (Italics supplied.)

Claimant contends that wages paid during disability and charged to sick leave and vacation allowances are wages for work previously performed and reimbursement to her employer should not be ordered. We do not agree. Wages paid during disability and charged to sick leave and vacation allowances are part of our modern day philosophy of cordial employer-employee relationship. Such wages show the employer's interest in his employees' welfare and in the long run benefit the

employer. There has been no showing that claimant had a right to receive a cash allowance in lieu of sick leave and vacation allowances. If reimbursement were denied, claimant would receive both compensation and full wages for that period of her disability during which wages were paid. We do not think this was the intent of the Workmen's Compensation Law. (*Matter of Birmingham* v. *City of Niagara Falls,* 282 App. Div. 970.)

Upon the oral argument, claimant advanced the contention that if reimbursement were ordered it should be limited to the weekly compensation rate and that the employer should not be reimbursed the full amount of wages paid. With this we agree.

Prior to its amendment by chapter 316 of the Laws of 1930, section 25 did not contain the portion italicized above and the employer was entitled to reimbursement *only* for payments explicitly made by him as "advance payments of compensation". If he paid regular wages during a period of disability, he could not obtain reimbursement for any part of the wages paid. (*Matter of Rasmussen* v. *Park Garage & Mach. Shop,* 223 App. Div. 591.) Since the employee had suffered no loss of earnings during the period of disability for which he had been paid his regular wages, the proper practice was not to make any award for that period. (*Pottle* v. *Atkinson Co.,* 215 App. Div. 739.)

The insertion in section 25 of the matter italicized above was designed to enable an employer to recover reimbursement for payments made to an employee during the period of disability which had not been expressly designated as advance payments of compensation. The amendment thus had the effect of overriding the earlier cases with respect to the need for a designation of the payments as payments of compensation but it did not have any effect upon the amount of the payment which was reimbursable. Under the earlier form of the statute, there could be reimbursement only of the amount paid by the employer which was equivalent to the compensation rate and this still continued to be the rule under the amended statute. The statute, in its amended form, did not contemplate reimbursement for any advance made by an employer in excess of the amount of compensation payable for the period of disability on account of which the advance was made.

This is the only construction which is consistent with the purpose of the Workmen's Compensation Law to assure to the employee compensation which "shall be paid periodically and promptly in like manner as wages". (Workmen's Compensation Law, § 25.) If an employer were allowed to recover reim-

bursement out of instalments of compensation due for later periods of disability, for loans or advances made by him during an earlier period of disability in excess of the compensation rate, the employee might be left without any periodic compensation payments for a period of years while the employer was being repaid his loans or advances.

*Matter of Ott* v. *Greenwood Cemetery* (237 App. Div. 860, affd. 262 N. Y. 532) is distinguishable from the case before us. There reimbursement to the employer of the full amount of wages paid was required. But the *Ott* case did not deal with an award of weekly compensation for a period of temporary disability. It dealt with a schedule award for 50% loss of use of a hand. Paragraph 3 of section 15 of the Workmen's Compensation Law provides for an award of 244 weeks of compensation for the loss of a hand. A 50% loss thus gives rise to a schedule award of 122 weeks. That was the award which was made in the *Ott* case. There was a temporary total disability for nineteen and one-sixth weeks but no separate award was made for this since, in the absence of " protracted temporary disability ", the schedule award for permanent partial disability embraces the period of temporary total disability as well. (Workmen's Compensation Law, § 15, subd. 4-a.)

From the record on appeal in the *Ott* case it appears that the employer paid an amount equivalent to full wages for the period of nineteen and one-sixth weeks during which the employee was out of work. Immediately after the occurrence of the injury, the employer filed a notice that payment of compensation had commenced and that all payments were being made as advances under section 25 of the Workmen's Compensation Law. The amount of the weekly payment was in excess of the weekly compensation rate but it was not in excess of the total schedule award. In the case of a schedule award, the weekly rate and the number of weeks specified in the schedule are simply the measure by which the total amount of the award is to be determined. The payment is not analogous to the payment of weekly compensation for temporary disability. Liability for the schedule award comes into existence on the date of the accident. The payment of the schedule award is not allocable to any particular period of disability. Therefore it was properly held in the *Ott* case that the total wages paid by the employer constituted an advance payment of compensation against the total schedule award. It is a very different thing, however, to say that wage payments in excess of the compensation rate paid during a particular period of disability may be treated as an advance against compensation to accrue for a continuing temporary disability during a later period.

Furthermore, in the *Ott* case the wages were not paid as wages but were explicitly paid as an advance against the schedule award. In this case, the wages were paid by the employer without any understanding or agreement that they constituted a loan or an advance which the employee was expected to repay. They were paid in the regular manner as wages. In these circumstances, the employer had no right to reimbursement for the excess of the wages over the compensation rate.

The decision should be reversed, with costs to claimant against the employer, and the matter remitted for further proceedings not inconsistent herewith.

FOSTER, P. J., BERGAN, HALPERN, ZELLER and GIBSON, JJ., concur.

Decision reversed, with costs to claimant against the employer, and the matter remitted for further proceedings not inconsistent with the opinion.