In the Matter of the Claim of ALEXANDER SOKOLOFF, Respondent, against NEW YORK STATE DEPARTMENT OF LABOR, DIVISION OF SAFETY SERVICE, et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant appeals from a decision of the Workmen's Compensation Board which charged the Special Fund with liability for the payment of an award of disability compensation. Claimant was employed as a factory inspector by the New York State Department of Labor and sustained a back injury on July 8, 1947. He was found to be permanently partially disabled but the case was closed on May 4, 1955 without an award because claimant had continued work. On August 30, 1957 the case was reopened because of medical reports indicating a total disability due to the back injury. Claimant was absent from work from July 9, 1957 to September 30, 1957. He was paid his full salary during this period which was charged against annual and sick leave. Of course the reopening was more than seven years after the accident and more than three years after the last payment of compensation and hence the Special Fund is liable under section 25-a of the Workmen's Compensation Law unless the payment of salary charged to accumulated annual and sick leave constitutes an advance payment of compensation. This is the sole issue in the case. It seems clear from the State Attendance Rules for Employees promulgated pursuant to the authority of the Civil Service Law (rule 2, subd. 3), that it was mandatory to give sick leave credit at the rate of one-half day per bi-weekly pay period, which could accumulate. It appears further therefrom that unless the illness or disability itself is questioned the payment of full salary during absence is mandatory. The payment of full salary to claimant was not a voluntary payment but was compulsory. This court has held that such compulsory payment does not constitute such a payment of compensation as would relieve the Special Fund. (*Matter of Davidson* v. *Central Greyhound Lines*, 279 App. Div. 946.) Decision unanimously affirmed, with costs to respondents employer and carrier against appellant. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.