■ AGNES SMITH, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— In an action for a declaratory judgment (Civ. Prac. Act, § 473) the defendant insurance carrier appeals from an order of the Supreme Court at Special Term granting summary judgment to the plaintiff and from the judgment entered thereon which determined the extent of its lien on the proceeds of the settlement of a third-party negligence action for payments of disability benefits made pursuant to the provisions of a Group Disability Benefits Policy issued to her employer and subjected the lien to the deduction of a prorata share of the legal expense incurred in connection with the prosecution and adjustment of the common-law action. The facts are not in dispute. The policy which incorporated by reference the provisions of the Disability Benefits Law (Workmen's Compensation Law, art. 9) accorded employees, including plaintiff, a choice of coverage by one of two plans; the first required a greater premium contribution by the employee and upon disablement provided benefits more favorable than those prescribed by law; the second exacted a lesser employee contribution toward the total premium and limited the liability of the insurance carrier merely to the payment of the statutory benefits. Plaintiff elected to be included within the policy's first optional plan which in her employment classification entitled her to receive a weekly benefit in the amount of $35 for a maximum period of 26 weeks; for a nonoccupational disability she received from the carrier the total sum of $840 which comprehended the full benefits to which she was entitled under the plan selected; the statutory benefits in effect when the claim was made would have amounted only to $390; after the deduction of attorney's fees the fund created by the successful termination of the action exceeded the total amount of the benefits paid. The plan chosen by the plaintiff contains no treatment of the right to reimbursement apart from that which the statute provides. A carrier liable for the payment of disability benefits is granted a statutory lien on the proceeds of any recovery from a third party " to the extent of the total amount of disability benefits provided by this article [art. 9] and paid, and to

such extent such recovery shall be deemed for the benefit of such carrier". (Workmen's Compensation Law, § 227, subd. 1.) A covered employer may acquit the obligation to provide disability benefits to his employees by means of a private plan or agreement with a carrier if such "shall provide benefits at least as favorable as the disability benefits provided by this article" and *does not require contributions of an employee in excess of the statutory amount* "except by agreement and provided the contribution is reasonably related to the value of the benefits as determined by the chairman [of the Workmen's Compensation Board]." (Workmen's Compensation Law, § 211, subd. 5.) By becoming a party to such an agreement subsisting between her employer and the carrier the plaintiff in part at her own expense and entirely by choice supplemented the benefits provided by statute (Workmen's Compensation Law, § 204) which, as noted above, amounted to $390. The appellant urges that since the subject plan was one sanctioned by the statute as an alternative way of providing disability benefits, its lien upon the proceeds of the recovery from the third party embraced the full amount of benefits paid. Under the statutory scheme adopted by the Legislature we think the contractual excess which plaintiff received was not intended to constitute disability benefits in the sense that they are reachable by its subrogation and reimbursement procedures. "[Such excess] performs the same functions, and is payable under the same general conditions, but legally it is nothing more than the fruit of a private agreement to pay a sum of money on specified conditions." (2 Larson, Workmen's Compensation Law, § 97.65, pp. 507, 508.) Though written in relation to the legal status of contractual supplements to workmen's compensation, the above-quoted statement seems to us to express with marked appositeness the ultimate legal character of the arrangement within which plaintiff has brought herself with legislative and administrative approval. It follows that Special Term correctly limited the amount of appellant's lien to that provided by statute. However, it was error to incumber it with an attorney's fee. (*Kussack* v. *Ring Constr. Corp.*, 1 A D 2d 634, affd. 4 N Y 2d 1011; *Matter of Babkees* v. *Electrolux Corp.*, 4 A D 2d 710, motion for leave to appeal denied 3 N Y 2d 708.) Order and judgment modified, on the law and the facts, by deleting the provisions thereof which subjected the lien to the deduction of attorney's fees and, as so modified, affirmed, with costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.