■ In the Matter of the Claim of ALBERT J. FABIAN, SR., Respondent, v. LINK DIVISION-GENERAL PRECISION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

AULISI, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which awarded disability benefits during a two-week vacation period. Claimant, Albert J. Fabian, Sr., was disabled by illness which was not connected with his employment from June 19, 1962, to September 10, 1962. He was paid disability benefits for this period, except for July 16, 1962, through July 29, 1962. This two-week period was the annual plant vacation shutdown and claimant received vacation pay for this period from the employer. The sole issue presented is whether or not claimant is

entitled to disability benefits for this two-week period during which he received vacation pay. We believe that *Matter of Knaszak* v. *Buffalo Forge Co.* (15 A D 2d 971) is controlling in the instant case. The Referee found, and the board affirmed, that claimant's vacation pay was intended solely as a delayed payment for past services. There is ample evidence to support the conclusion of the board. The employer's witness testified that it was an established policy to have a two-weeks' period for vacation with pay for an employee who had worked for at least a year. An employee who was laid off also qualified for vacation pay which was figured on a formula based on the time he had worked. This right to vacation pay was also subject to maximum allowances for absences. Although there was no union contract, the unilateral policy of employer results in the same effect of having the vacation payments due for prior services. Upon the facts presented here, it was not error to conclude that the payments did not constitute remuneration for the two weeks in question within the meaning of article 9 of the Workmen's Compensation Law. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.