■ In the Matter of the Claim of ERNEST JOHNSON, Respondent, v. GENERAL ANILINE & FILM CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed June 20, 1968, which awarded disability benefits under the Disability Benefits Law (Workmen's Compensation Law, art. 9) and found that the vacation pay received by claimant was not a disability benefits payment for the last two weeks of 1966 but a payment pursuant to a union contract for prior rendered services. Claimant, an assembler employed by General Aniline & Film Corporation for 25 years, was totally disabled by nonoccupational illness from October 5, 1966 to January 2, 1967, when he returned to work. The employer paid disability benefits for this period of absence, except for the last two weeks of December for which claimant received vacation pay from the employer rather than disability benefits. While claimant testified that the employer placed him on vacation for the last two weeks of December, without any choice on his part, his foreman related that he had informed claimant that he had vacation time coming before the year ran out and offered him a choice of vacation pay or sick leave, claimant electing to receive the former. The collective bargaining agreement between employer and claimant's union provided that "the vacation period shall be between January 1 and December 31, and paid vacation shall be granted to employees who work at least one day during the vacation year as follows: * * * Employees in the employ of the Company for twenty (20) years or over * * * four (4) weeks." The employer offered testimony that it was its policy and practice to offer disabled employees the choice of taking vacation pay or remaining on sick leave in the event their disabilities continued into December of any year, there being no carry-over into the succeeding year for vacations, but the employer conceded that no reference was made to such "policy" or "practice" in the form filed by it with the Workmen's Compensation Board (12 NYCRR 358–3.4) in support of a request that its plan or agreement be accepted, pursuant to section 211 of the Workmen's Compensation Law, as a substitute for statutory disability benefits. Claimant, having worked "at least one day during the vacation year", not having discontinued service with the employer prior to April first, not having quit without giving two weeks notice and not having been discharged for cause, as specified in the bargaining agreement, became vested with rights to vacation pay. There was substantial evidence to support the

conclusion of the board that the vacation pay received by claimant was not a disability payment for the last two weeks of 1966, during which he was disabled, nor a gratuity (*Matter of Giannettino* v. *McGoldrick,* 295 N. Y. 208, 212), but rather a delayed payment pursuant to the union contract for prior rendered services (*Matter of Fabian* v. *Link Div.-Gen. Precision,* 22 A D 2d 725, 726), the vacation pay being wholly unrelated to the disability except that by fortuitious circumstance the disablement and vacation periods in part coincided (*Matter of Knaszak* v. *Buffalo Forge Co.,* 15 A D 2d 971, 972). Thus, the vacation payment did not constitute remuneration for the two weeks in question and subdivision 6 of section 205 of the Workmen's Compensation Law does not apply. The board's decision on the factual issues presented is final and conclusive (Workmen's Compensation Law, § 20). Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.