In the Matter of the Claim of MADELINE CLEVELAND, Respondent, *v.* AMERICAN MANAGEMENT ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 24, 1974.

*DeGraff, Foy, Conway & Holt-Harris* (*David F. Kunz* of counsel), for appellants.

*Madeline Cleveland,* respondent *pro se.*

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. This is an appeal from a decision of the Workmen's Compensation Board, filed January 30, 1973, which awarded the claimant direct payment of 26 days of disability insurance and held that payment by the employer of sick leave for the same period was a voluntary contribution (Workmen's Compensation Law, § 205, subd. 6) precluding payment of the disability benefits to the employer pursuant to section 237 of the Workmen's Compensation Law.

The sole question presented on this appeal is whether the employer is entitled to reimbursement by receipt from its insurance carrier of the disability payments due the claimant for the 26-day period during which the employer had already paid sick pay to the claimant pursuant to a voluntary sick leave plan. This in turn depends on whether the sick leave payments constitute " payments to an employee in like manner as wages " (Workmen's Compensation Law, § 237). We find the payment of full wages, even though denominated sick pay, to be such payments in the instant case, and thus that the employer was entitled to reimbursement (*Matter of Lynch* v. *Board of Educ. of City of N. Y.,* 1 A D 2d 362).

The test for reimbursement in a situation such as that here presented is whether the payments made were voluntary or made pursuant to or in lieu of some obligation previously agreed to by the employer (cf. *Matter of Johnson* v. *General Aniline & Film Corp.,* 32 A D 2d 1003; *Matter of Fabian* v. *Link Div.— Gen. Precision,* 22 A D 2d 725; *Matter of Knaszak* v. *Buffalo Forge Co.,* 15 A D 2d 971). Here, the plan under which claimant received sick pay was a purely voluntary plan under which claimant had no vested rights to benefits. She is thus not being compelled to substitute vested employment rights or benefits for her right to disability benefits (see, e.g., *Matter of Knaszak* v. *Buffalo Forge Co., supra*) but rather voluntarily received benefits in the form of full payment of wages from her employer which were greater than the payments she would have received in the form of disability benefits. Under this circumstance she should not receive double benefits for the period involved and the employer should be entitled to reimbursement (*Matter of Lynch* v. *Board of Educ. of City of N. Y., supra*).

The decision should be reversed, and the case remitted to the Workmen's Compensation Board for further proceedings not

inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and MAIN, JJ., concur.

Decision reversed, and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.