Sebastian J. Bellomo, J.
This is an' action seeking a declaratory judgment, to determine the legal questions between the two parties. Each party has agreed that there are no questions of fact, and thus that summary judgment is available, with no trial necessary.
The specific question involved regards the exact amount of a lien which the defendant Board of Education has upon the proceeds of any recovery which the plaintiff might obtain against a third-party tort-feasor. First, a brief review of the facts as submitted to the court is in order.
The plaintiff was an employee of the defendant school board for the period of time in issue. On the first day of December, 1971 the plaintiff was injured in the course of her employment. She was unable to return to work for the balance of the school year, ending June 30, 1972. According to the findings of the Workman’s Compensation Board, her disability continued for the months of July and August, but was able to return to work in September 1972. Subsequently, she was disabled during that school year, from the same injury, for the period from February 19, 1973 through March 12, 1973. For the period of December 2, 1971 through June 30, 1972, the plaintiff was paid her full wages of $344.62 per week, according to her employment contract. For the period of July 3, 1972 through September 5, 1972 while no wages were paid, disability benefits of $95 per week were paid. Again, for the period from February 19, 1973 through March 12, 1973, the plaintiff was paid full wages again of $344.62 per week. Subsequently, the Workmen’s Compensation Board made awards of benefits for the injuries the plaintiff sustained. For the period from December 2, 1971 through September 5, 1972 the award of temporary disability benefits of $95 per week was made, for a total of $3,800 in temporary disability benefits. In a later hearing, an additional $228 was awarded for protracted temporary disability. In addition, a schedule award for 25% loss *608 of the left leg as permanent partial disability, for the amount of $2,560, was made.
The question to be decided is, in an action against the third-party tort-feasor, to what extent the defendant herein has a lien. The statutory authority for such a lien is subdivision 1 of section 29 of the Workmen’s Compensation Law which states regarding suits against such a third-party tort-feasor: "the person, association, corporation or insurance carrier liable for the payment of such compensation * * * shall have a lien on the proceeds of any recovery from such other * * * to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it.”
There are four distinct elements of the various payments in this case, and each must be treated separately in determining the proper legal rights of the respective parties. In addition, the defendant in this case is both the employer and insurer (since it is "self-insured”).
In regard to the medical costs of $1,191.29, there is no dispute between the parties. The defendant, having paid those costs, has explicit statutory authority for a lien for that amount against the third-party recovery, in subdivision 1 of section 29.
The second element is that portion of the payments which is classified as "temporary disability” compensation. There is no dispute that the defendant does have a lien upon any recovery in an action against a third party for the total amount of the temporary disability benefits paid. There appears to be a minor discrepancy regarding the exact amount of the cumulative amount, but the court, using the notice of decision of the latest date, February 20, 1974, finds the amount of $3,800 as the figure.
The agreement between the parties ends at the third element — that of the status of the "permanent partial disability” schedule portion of the award by the Workmen’s Compensation Board. The plaintiff contends that this portion of the award is not covered by the lien. The defendant claims that this portion of the award, as well as the temporary disability benefits are "compensation awarded under * * * this chapter” and hence covered by the lien provisions of subdivision 1 of section 29. Fairness dictates that the defendant’s view is the result which the Legislature intended in the statute. The Workmen’s Compensation Board directed payment to the *609 plaintiff by the defendant of the permanent partial disability portion of $2,560, as provided for in section 15 of the Workmen’s Compensation Law. Certainly, the compensation so received by the employee is within that envisioned by the wording "awarded under * * * this chapter”. To hold otherwise would be to permit an injured employee to recover twice, without permitting the insurer to recover from the party at fault (i.e., third-party tort-feasor). The statute in subdivisions 1 and 2 of section 29 deals specifically with ensuring that the insurer’s rights of recovery either through a lien (subd 1) or subrogation (subd 2), will be protected.
The principal authority upon which the plaintiff relies is the opinion of the State Comptroller (specifically 3 Opns. St. Comp., 1947, p 187 and 18 Opns. St. Comp., 1962, p 202). In order to understand the thrust of these opinions, it is important to maintain the distinction between the employer receiving reimbursement from its insurer for compensation paid (as per § 25, subd 4), and the right of a lien by an insurer on the proceeds of a recovery against a third-party tort-feasor (as per § 29, subd 1). For this case, the defendant is both the employer and insurer.
In the opinion of the State Comptroller (18 Opns. St. Comp., 1962, p 202, supra), the facts upon which it was based are important. An injured worker received his regular pay from his employer during his four-week disability. Subsequently, the Workmen’s Compensation Board ruled that the employee had a 30% schedule loss (permanent disability). The question presented was whether, when the payment for that 30% loss came from the insurer, the employer had the right to be reimbursed from it up to the amount of salary he had paid, over and above the temporary disability compensation. (There was no question that the employer was entitled to reimbursement out of the payment from the insurer for the temporary disability benefits.) The answer was that the payment for the schedule award was to go from the insurer directly to the employee — and the employer was not reimbursed out of the award. The effect of this is that any salary payment by the employer, over the temporary maximum, was not recoverable from the insurer nor from the schedule award. However, the insurer, having paid the permanent partial disability compensation to the employee is not prevented from exercising his statutory right, under subdivision 1 of section 29, of a lien or any proceeds from a recovery from a third party, since the *610 insurer has paid "compensation awarded under * * * this chapter”.
The problems with the plaintiff’s argument is that in this case, the defendant is both the employer and insurer. Hence, it paid the compensation (both temporary and permanent) to the plaintiff employee, along with the balance of the employee’s regular salary. The award by the Workmen’s Compensation Board really has only theoretical meaning, since in effect, it is a direction for the defendant (as insurer) to reimburse itself (as employer). According to the reasoning of the State Comptroller (18 Opns. St. Comp., 1962, p 202, supra), only the temporary disability portion of the award was to pass from the "insurer” to the "employer”, these payments already being a portion of the full salary paid during the employee’s four weeks of disability. The portion of the award which was a schedule award for permanent partial disability (30%) was to pass from the "insurer” to the employee.
To apply the reasoning of that opinion to the facts of this case, the defendant as the "employer” paid temporary benefits and theoretically was "reimbursed” (as per § 25, subd 4) by the "insurer”; likewise, the defendant as "insurer” paid the plaintiff the sum of the permanent partial disability, schedule award as directed by the Workmen’s Compensation Board. Thus, it is the defendant as the "insurer” that is entitled to the lien by the provision of subdivision 1 of section 29. The plaintiff states that according to the opinions of the State Comptroller an employer is not entitled to reimbursement for a schedule award. This is true so far as the defendant as an "employer” is concerned; but, the lien provisions of subdivision 1 of section 29 refers to the "insurer”, and thus, the defendant as the "insurer” does have a right of lien on the proceeds, to the extent of the entire award — both temporary and permanent.
The fourth element of payment is that portion of the salary paid to the plaintiff, which was in excess of the $95 weekly temporary disability benefits, or approximately $250 weekly for the period of disability. The plaintiff contends that this portion of her salary was guaranteed by her contract with the defendant, is not within the meaning of the word "compensation” in subdivision 1 of section 29, and hence not subject to the defendant’s lien, citing Matter of Lynch v Board of Educ. of City of N.Y. (1 AD2d 362, affd 3 NY2d 871); Smith v Equitable Life Assur. Soc. of US. (19 AD2d 563, affd 13 NY2d *611 969); and Traveler’s Ins. Co. v Voigt (36 AD2d 1011). The defendant contends that subdivision 1 of section 29 provides for a lien on any recovery, and that subdivision 4 of section 25 provides for reimbursement of an employer for payments to an employee "in like manner as wages”. In addition, the defendant contends that the awards which the Workmen’s Compensation Board made contain a direction for reimbursement to the employer "for wages paid”. Finally, the principal authority relied upon is the Court of Appeals case of Matter of Ott v Green-Wood Cemetery (262 NY 532).
Defendant is correct in stating that the Lynch case, upon which the plaintiff relies, distinguishes between the two cases, and reaffirms the Ott holding as correct. In Ott, the disabled employee was paid his full $24 weekly wage during disability. The subsequent award of the Workmen’s Compensation Board was for $15.39; but no breakdown was given between schedule award and temporary disability. Hence, as pointed out in Lynch (1 AD2d 362, 365) the schedule award "embraces the period of temporary total disability as well”. In addition, the employer in the Ott case filed a notice that such payments were advances under section 25. Hence, the insurer in the Ott case was required to reimburse the employer only because those advances were held to be advances on the permanent disability schedule award and thus a cost to be borne by the insurer. Had there been a recovery against a third party in such a circumstance, a lien under the present subdivision 1 of section 29 would have permitted the insurer to recoup his payment. But as the Lynch case points out, the total amount of the payments in the Ott case was not in excess of the entire schedule award, though the weekly payments to the injured worker of $24 did exceed the $15.39 weekly temporary disability award. If they had exceeded the entire schedule award, any excess would not have been reimbursed to the employer, since that portion of what he paid in excess of $15.39 a week was only an advance on the schedule award.
In the case before the court, there was no such indication that the salary being paid, over and above the temporary disability compensation (here, $95 a week) was an advance. Indeed, the contract between the plaintiff and defendant states: "any workmen’s compensation payments made to the teacher during the time the teacher is receiving full pay under Paragraph A (disability) of this Article, such compensation payments shall be reimbursed to the Board.” (Article *612 XXVI, (E)(1); court’s emphasis.) The question involved here has really two parts. First, the amount of payments "in like manner as wages” for which the defendant as "employer” is theoretically entitled to be reimbursed (under § 25, subd 4) by the defendant as "insurer”. And, secondly, the lien authorization of subdivision 1 of section 29 which permits recovery of only that portion which was reimbursable.
It is for this reason that the distinction between the Ott case and the present case is made. Since the defendant as "employer” is not entitled to be reimbursed by the "insurer”, as was permitted in the Ott case, then likewise, the defendant as "insurer” has nothing on which to base a lien under subdivision 1 of section 29. Further support for this conclusion can be found in the opinion of the State Comptroller (25 Opns. St. Comp., 1969, p 176), where a similar situation was discussed. In the conclusion, it is stated (pp 177-178): "When a school district employee is entitled to Workmen’s Compensation benefits, the district: * * * (3) May adopt a plan (in addition to the cumulative sick leave plan) whereby the employee will receive full salary while absent from work due to job-related injuries, with the school district being reimbursed to the extent of the employee’s workmen’s compensation award. (Emphasis added.)
It appears to the court that this is precisely what the defendant employer has adopted. In Lynch (1 AD2d 362, 364, supra) the court reiterates the intent of subdivision 4 of section 25: "The statute, in its amended form, did not contemplate reimbursement for any advance made by an employer in excess of the amount of compensation payable for the period of disability on account of which the advance was made.” (Emphasis added.)
Any insurance carrier, agreeing to cover an employer, would have to reimburse the employer for $95 a week — the maximum statutory benefit for temporary disability. And, under subdivision 1 of section 29, the insurer would have a lien on any recovery for that amount. If, in the contract negotiations, the employee bargains for and receives a guarantee from the employer for payments in excess of the statutory maximum, the insurer would no doubt extend the coverage but for a higher premium. This is analogous to the situation herein. In obtaining the guarantee of full salary during disability, the plaintiff no doubt surrendered other possible benefits in the contract negotiations. The defendant asks that the *613 lien be extended to these benefits (in excess of $95 a week) for which the plaintiff has bargained.
The case of Smith v Equitable Life Assur. Soc. of U.S. (19 AD2d 563, affd 13 NY2d 969, supra) provides the best guidance. While that case deals with the lien provisions of section 227 of the Workmen’s Compensation Law (disability benefits), the statute’s language is the same, and thus similar construction is in order. In the Smith case, the employee agreed to pay a higher premium, in return for higher coverage than the minimum required by the statute. The statute provides a lien for the insurer "to the extent of the total amount of disability benefits provided by this article, and paid”. The court felt that the intent of the Legislature was not to place a lien on the contractual excess, which while appearing to be such benefits, were legally "nothing more than the fruit of a private agreement to pay a sum of money on specified conditions”. (P 564.) That decision was affirmed by the Court of Appeals (13 NY2d 969, supra).
Defendant would have the court bound by res judicata, in any event, by the Workmen’s Compensation Board decision containing the words "reimbursement to employer for wages paid”. It seems most consistent with the statute that the term "wages” as used in the board’s decision is the same as in subdivision 4 of section 25 where "compensation” is interchangeable with "payments to an employee in like manner as wages”, and hence refers only to that portion of the payments to the claimant (herein the plaintiff) authorized by statute (viz., $95 a week). Any other interpretation would be contrary to the board’s statutory authorization for granting compensation awards (section 15) and thus unenforceable.
The court must point out, therefore, that the question of salary payments in excess of $95 weekly benefits and the possible recovery of them from any action against a third party is a matter of contract. The defendant Board of Education has a very simple remedy to the situation, by including in such sections of the employment contract a right of subrogation or reimbursement when the ultimate liability lies with a third-party tort-feasor. While the court refrains from entering the collective bargaining field, it submits that it is there, and not in litigation, where the defendant’s right to recover such payment lies.
Therefore, the court finds that the extent of the defendant’s lien upon the plaintiffs recovery from the third-party tort *614 feasor is for the medical costs paid ($1,191.29) and for the total amount of the compensation award — both temporary disability and permanent disability benefits ($6,588), for a total of $7,779.29. No costs are awarded to either party.