50 N.Y.2d 871 (1980)
In the Matter of the Claim of Alma P. Adolf, Appellant,
v.
City of Buffalo Board of Education, Respondent. Workers' Compensation Board, Respondent.
Court of Appeals of the State of New York.
Argued April 23, 1980.
Decided June 3, 1980.
Frank S. Kedzielawa and Gerard R. Fornes for appellant.
Joseph P. McNamara, Corporation Counsel (Frank E. Barbee of counsel), for City of Buffalo Board of Education, respondent.
Judges JONES, WACHTLER, FUCHSBERG and MEYER concur in memorandum; Judge GABRIELLI dissents and votes to reverse in a separate opinion in which Chief Judge COOKE and Judge JASEN concur.
*872 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
Section 25 (subd 4, par [a]) of the Workers' Compensation Law entitles an employer to reimbursement out of compensation due when he has either made advance payment of compensation or continued payment of wages. The only statutory limitations on that right are that it may be waived by filing a document so stating with the chairman of the board and it may be lost by failing to file a claim before compensation is awarded.
Though nothing in the section proscribes a contractual waiver by the employer, the contract provision here in question is insufficient to limit the reimbursement right to the weekly compensation benefit paid rather than the full wages advanced. By that provision the board of education agreed to continue regular pay during disability and the union agreed for its members that "the salary allowance paid the teacher under Workmen's Compensation will be assigned to the *873 Board." The assignment was wholly unnecessary since the board had a statutory right to reimbursement without it. The provision was, however, meaningful for the teachers since it gave them full pay during disability rather than reduced compensation benefits. Nothing in the arrangement made and nothing in the record suggests that the use of the words "salary allowance" was intended as a waiver by the board of its right to the difference between regular pay and benefits and that allowance. The conclusion argued for by the dissenters as the "plain meaning" of the contract provision reads into that provision a limitation which cannot be found in its language, on the basis of an assumption (that "it was evidently intended to completely regulate the relationship") for which there is no support in the record.
GABRIELLI, J. (dissenting).
I respectfully dissent.
During the course of her employment as a supervisor of teachers, claimant was struck in the right eye by a pellet shot from an air gun and lost the eye as a result. Pursuant to the terms of a collective bargaining agreement between her employer, the City of Buffalo Board of Education, and the teachers' union, the board continued to pay her full salary during the period of actual disability. She applied for workers' compensation benefits and was awarded the schedule amount for her permanent injury. The school board now seeks reimbursement from that award for the full amount of salary paid claimant during the period of her disability up to the total amount of the award. Although she concedes that the board is entitled to some reimbursement, claimant contends that the board's right of reimbursement from the award is limited to the amount of the workers' compensation salary allowance payable for the weeks during which she actually received her salary. Hence, it is claimant's position that the school board is not entitled to reimbursement from so much of the actual award as exceeds the salary allowance she would have received for the weeks during which she received her pay while disabled had her injury not been a permanent one resulting in a schedule loss and award.
An employer is provided by statute with a right to reimbursement from a workers' compensation award for any "payments to an employee in like manner as wages during any period of disability" (Workers' Compensation Law, § 25, subd 4, par [a]). Although the existence of this right to reimbursement is certain, its extent has been the source of some *874 uncertainty in the law. Thus, in Matter of Ott v Green-Wood Cemetery (262 N.Y. 532) this court affirmed, without opinion, an order of the Appellate Division, Third Department (237 App Div 860), which held that when an employee who has previously received payments from his employer during disability is subsequently given a workers' compensation schedule award for a permanent injury, the employer is entitled to reimbursement for the full amount paid out, up to the limits of the entire award. Subsequently, however, in Matter of Lynch v Board of Educ. (3 N.Y.2d 871), we affirmed, without opinion, an order of the Appellate Division, Third Department (1 AD2d 362), in which it was held that a different rule applies if the employee receives from workers' compensation an award of weekly compensation for a period of temporary disability instead of the schedule amount for a permanent injury. In such a case, according to the Lynch decision, the employer is entitled only to reimbursement in the amount of the weekly disability payments for those weeks during which the employer actually made payments to the employee.
Although the Appellate Division in Lynch deemed Ott distinguishable because Ott involved a schedule award whereas Lynch involved temporary disability payments, this distinction is somewhat less than persuasive. The rationale for limiting reimbursement in Lynch to the weekly salary allowance for those weeks in which the employer had paid the employee's salary, was that it would be unreasonable to permit reimbursement for those weeks from disability payments which were intended to recompense the employee for subsequent weeks of disability during which the employer made no payments. The same is true, however, in the Ott- type situation. A schedule award, such as in the case before us, is intended to reimburse the employee for future as well as past losses caused by the injury (see 2 Larson, Workmen's Compensation Law, § 58.11), and it would seem equally unreasonable to allow the employer in such a case to obtain reimbursement for past payments from that portion of the schedule award intended to cover future losses. Hence, the continuing viability of the Ott decision is somewhat uncertain, to say the least, in light of our affirmance of the result, albeit not the rationale, in Lynch. Accordingly, it may well be that even absent a contractual limitation upon the employer's right of reimbursement, that right is nonetheless limited to an amount equal to the workers' compensation salary allowance for the weeks *875 during which the employer made payments, regardless of the nature of the award. Indeed, such would appear a much more rational approach, for to apply Ott to schedule awards and Lynch to nonschedule awards is to increase the employer's reimbursement and decrease the actual amount available to the employee in those situations in which the injury to the employee is permanent and more serious. Such a result makes little sense (see 2 Larson, Workmen's Compensation Law, § 57.47).[*]
In the instant case, however, there exists no need to determine whether the Ott rule has been impliedly overruled by our subsequent decision in Lynch, or whether it should now be overruled, because the collective bargaining agreement between the school board and the teachers' union representing claimant limits the employer's right of reimbursement in all cases to an amount equal to the workers' compensation salary allowance payable for the weeks during which the school board continued to pay the disabled teacher her salary. The pertinent provision of the contract provides as follows: "Days allowed for absence due to injuries suffered on school premises or in line of duty covered by Workmen's Compensation * * * shall not be deducted from sick time allowance. In such circumstances, the [school] Board will continue to pay the teacher his regular pay and benefits for the period involved and the salary allowance paid the teacher under Workmen's Compensation will be assigned to the Board. The Board and the [union] shall review all such absences which persist for more than one (1) year to determine whether the teacher shall continue to be paid without deduction from sick time allowance" (emphasis added). Nothing could be plainer. As is evident from its language, this provision was intended to completely regulate the relationship between the board and a teacher who sustains a job-related injury. It requires the employer to continue to make full salary payments for a period of at least one year, and limits the employer's statutory right of reimbursement to the weekly salary allowance payable under workers' compensation. As is conceded by the majority of this court, there exists no statutory or policy bar to enforcement of such a limitation upon the employer's right *876 of reimbursement, and I perceive no justification for not applying this provision in accordance with its plain language.
I cannot agree with the majority that the language quoted above does not limit the school board's right of reimbursement. Such an interpretation of the provision renders the contractual references to that right completely meaningless. The majority interprets the contract as though it either made no reference to, and thus could not modify, the statutory right of reimbursement, or as if it simply incorporated the statutory right completely. Clearly, the contract does neither of these things. It delineates the extent of reimbursement the parties have agreed to, and it provides for reimbursement somewhat less than that allowed under the statute, assuming the Ott rule to be good law. Hence, the provision should be interpreted as meaning exactly what it says, and must be applied as a limitation upon the employer's right of reimbursement from the workers' compensation award.
Accordingly, I vote to reverse the order appealed from and to remit the matter to the Workers' Compensation Board for further proceedings in accord with this opinion.
Order affirmed.
NOTES
[*] Indeed, in most jurisdictions no reimbursement whatsoever may be obtained from a schedule award (2 Larson, Workmen's Compensation Law, § 57.46, at pp 10-103, 10-104).