■ In the Matter of the Claim of YVONNE JEFFERSON, Respondent, v BRONX PSYCHIATRIC CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 14, 1979. Claimant, employed by the State of New York at the Bronx Psychiatric Center in New York City, was injured on September 21, 1977, while moving several boxes to retrieve a file. She was disabled from September 23, 1977 until October 11, 1977, a period of 19 days. During the period of disability the employer paid full wages to claimant. On April 14, 1978, an award of compensation was made to her with a direction that reimbursement be made to the employer for wages paid for the period from October 3, 1977 to October 11, 1977. The referee refused to direct reimbursement for the wages paid during the first 10 days of claimant's disability because these 10 days had been charged by the employer against her accrued sick leave, and there was no provision for the restoral of this sick leave time. The Board affirmed the referee's decision, stating, "that inasmuch as claimant's sick leave was not restored to her, the employer is not entitled to reimbursement for the period in question". On this appeal, the employer and its insurance carrier, State Insurance Fund, contend that the employer is entitled to reimbursement for the initial 10 days of claimant's absence during which she was paid her full wages. We disagree. The determination of the board should be affirmed. Section 25 (subd 4, par [a]) of the Workers' Compensation Law provides, in part, as follows: "If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, he shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due". The payment of full salary to State employees, which was charged against annual and sick leave, which payments were mandated by the State Attendance Rules for Employees, has been held to be a compulsory payment, which did not constitute a payment of compensation *(Matter of Sokoloff v New York State Dept. of Labor, Div. of Safety Serv.,* 9 AD2d 830). The test for reimbursement such as that here presented is whether the payments made were voluntary or made pursuant to or in lieu of some obligation previously agreed to by the employer (cf. *Matter of Johnson v General Aniline & Film Corp.,* 32 AD2d 1003; *Matter of Fabian v Link Div.—Gen. Precision,* 22 AD2d 725; *Matter of Knaszak v Buffalo Forge Co.,* 15 AD2d 971). The Attendance Rules for Employees in New York State Departments and Institutions provide for sick leave with pay with such sick leave credits being earned by the employees "at the rate of one-half day per bi-weekly pay period" and such credits may be accumulated up to a total of 150 days (4 NYCRR 21.3 [b]). "Leave credits, including sick leave at half pay, used by an employee during a period of absence for which an award of compensation has been made and credited to the State as reimbursement for wages paid shall be restored to him in full" (4 NYCRR 21.8 [g]). In the event that the provisions of a collective bargaining agreement are different from the provisions of the attendance rules "the provisions of the agreement shall be controlling." (4 NYCRR 26.3). The collective bargaining agreement between the State of New York and the Civil Service Employees Association, Inc., Institutional Services Unit, 1977-1979, covering the claimant, provides for compensation leave with pay without charge to leave credits not exceeding cumulatively six months, with the first 10 working days of such leave to be charged to the employee's accrued leave credits. The agreement also provides that the payments charged to leave credits, except for the first 10 working days of compensation leave so charged,

shall be restored. Section 11.1(b) of the collective bargaining agreement provides that an employee allowed leave with pay pursuant to section 11.1(a) shall receive pay during the first 10 working days of such leave for each separate injury which the employee shall charge to accrued leave credits. The payment of salary for the first 10 working days of claimant's disability was not a voluntary payment but rather was paid under the compulsion and obligation created by the statute and the collective bargaining agreement and, thus, it was not an advance payment within the meaning of section 25 (subd 4, par [a]) of the Workers' Compensation Law *(Matter of Puglia v Sing Sing Prison,* 8 NY2d 891; *Matter of Sokoloff v New York State Dept. of Labor, Div. of Safety Serv., supra).* Further, the agreement does not provide for restoration of the first 10 days of sick leave so utilized thereby depriving the employee of vested rights having a monetary value. Accumulated sick leave credits may be used for additional retirement service credits (Agreement, art 10.7; Retirement and Social Security Law, § 41, subd [j]) and credited to pay for health insurance premiums upon retirement (Agreement, art 10.7). Appellants' reliance on *Matter of Lynch v Board of Educ.* (1 AD2d 362) is misplaced. The facts are distinguishable. In *Lynch,* among other things, there was no showing that the sick leave had any monetary value and the sick leave was provided voluntarily by the employer. In the instant case not only can the accumulated sick leave be used as payment for other benefits, but it is also supplied under the compulsion of a collective bargaining agreement (see *Matter of Cleveland v American Mgt. Assn.,* 45 AD2d 506). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.