In the Matter of the Claim of ALFRED DE SOUZA, Respondent, against COLUMBIA STEVEDORING Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer from an award of disability compensation under the Workmen's Compensation Law for 100 per cent permanent loss of the right thumb, 75 weeks at eighteen dollars per week, amounting to $1,350, and closing the case. The principal questions here involved are whether the evidence sustains the finding of an accident and causal relation between the accident and the loss of the thumb. The claimant himself testified that while rolling a barrel he felt something puncture his thumb and that he took his glove off and saw a piece of iron in there which he tried to remove, but could not. Causal relation is shown both by the history of the injury and by the verified report of the attending physician who was later sworn as a witness. Appellant urges that it had an absolute right to a review of the referee's decision by the full Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of Dr. Ross B. LAUTZENHEISER, Respondent, against FOSTER-HATCH MEDICAL GROUP and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award made by the State Industrial Board under the Workmen's Compensation Law of disability compensation covering the period from December 12, 1935, to May 22, 1936. The State Industrial Board has found that the claimant, while engaged in the regular course of his employment, sustained accidental injuries in the nature of hemorrhage from kidneys and subsequent pyelitis and that as the result he was totally disabled from June 8, 1934, to July 26, 1935, and totally disabled due to a recurrence of said injury from December 12, 1935, to May 22, 1936, on which latter date he was still disabled. On September 20, 1935, a lump sum award of $1,089 was made to claimant which has been paid. The instant award covers the twenty-two and one-seventh weeks period from December 12, 1935, to May 22, 1936, and the case is continued. The lump sum settlement covered practically the first period of disability, namely, from June 8, 1934, to July 26, 1935. The proof amply sustains the finding that the claimant was disabled during the period covered by the award. Such disability furnished ample reason for reopening the case and the making of an award for this latter period. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.