In the Matter of the Claim of ANTONIO PATTI, Respondent, against KNICKER-BOCKER FIREPROOFING Co. and GLOBE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award and decision of the State Industrial Board, noticed on March 15, 1938. On December 23, 1927, Antonio Patti, the claimant, sustained accidental injuries for which an award was made. The sole question presented to this court for review is whether the case comes within the purview of section 25-a of the Workmen's Compensation Law. The disability of the claimant continued and the carrier paid compensation up to October 16, 1934. Late in 1935 the claimant had a recurrence and in connection with which the carrier supplied him with a truss on October 29, 1935. The recurrence occurred after the claimant was operated upon by the carrier's doctor. The State Industrial Board found that this case did not come within the purview of section 25-a because the carrier provided claimant with a truss on October 29, 1935. This constituted a payment of compensation within the meaning of the Workmen's Compensation Law. The award made by the State Industrial Board was justified under the evidence in this case. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOSEPH BOLGER, SR., Respondent, against THE WAYNE COUNTY PRODUCE COMPANY and CONTINENTAL CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was a shipper's helper, employed by the Wayne County Produce Company, its place of business being located at 221 Newell street, Brooklyn, where it engaged in the manufacture of cider and vinegar. Claimant was injured as he came to work a little before two o'clock in the morning by falling on a badly lighted platform upon which were piled cases of the employer's products, so that only about one foot was available for the passage of pedestrians. He testified that he had not taken a drink of intoxicants after he rose about one o'clock in the morning, and his wife also testified that at one-thirty-five A. M., when he left home — this being only about twenty minutes before the injury — he was sober and had not taken a drink. There was evidence to the contrary, and that he had a pint bottle containing whisky on his person. This he denied. There was a question of fact for the Board to resolve. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of GERTRUDE NISELY, Appellant, against THE VILLAGE OF KENMORE and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the claimant from a decision of the State Industrial Board which rescinded and reversed previous findings of the referee made on September 28, 1936, which awarded death benefits to the claimant-appellant. The deceased was working as a driver for his employer, the village of Kenmore, August 3, 1935. While cranking a motor it backfired and the crank handle struck him in the ribs, as a result of which he sustained a contusion of the sixth rib. This did not disable him and he continued to do his regular work. The case was closed because the disability did not exceed seven days. On or about October 12, 1935, deceased died as a result of an abscessed appendix, following two operations. The Board found there was no causal relation between his death October 12, 1935, and the alleged accident and injuries of August 3, 1935. The evidence supports the decision of the Board. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.