In the Matter of the Claim of CHARLES CAWEIN, Respondent, against ORANGE COUNTY TELEPHONE COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals, denied, without costs. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ. [See *ante*, p. 932.]

In the Matter of the Claim of ALEXANDER NIKER, Respondent, against MICHAEL McCORMICK et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and his insurance carrier from an award made by the Workmen's Compensation Board in favor of claimant. The appeal is taken upon an agreed statement of facts. The only question involved is whether the award to claimant should be made against appellants or against the Special Fund for Reopened Cases. The claimant was injured in the course of his employment in 1928. On September 1, 1939, he was awarded compensation and the case was closed. The appellants were directed however to provide claimant with bandages to comply with future needs. In compliance with that direction appellants supplied claimant with elastic stockings and replaced them every three months until 1945, when claimant was inducted into the United States Army. On May 27, 1946, he was discharged from service and claimant thereupon applied for a reopening of his case. The claim was reopened and an award was made to claimant for the period from September 2, 1946, to February 6, 1947, at the rate of $11.54 per week on account of reduced earnings. The board found that three years had not elapsed between the time when the elastic stockings last were supplied to the claimant and the date on which application to reopen his case was made. Prior to April 1, 1944, subdivision (a) of section 13 of the Workmen's Compensation Law specified among other things that the employer was liable to claimant for the replacement or repairs of artificial members of the body or other devices or appliances necessitated by ordinary wear. It is conceded that prior to April 1, 1944, the furnishing to a claimant of such a replacement or repair of artificial members of the body or of such devices or appliances by the employer constituted a payment of compensation within the meaning of section 25-a of the Workmen's Compensation Law. Subdivision (a) of section 13 was amended by chapter 463 of the Laws of 1944, effective April 1, 1944. By the provision of that chapter the replacing or repair of such artificial members, devices or appliances, was removed from the definitions of compensation as contemplated by section 25-a. The language of the amendment is clear and unambiguous. It declares only that after April 1, 1944, the replacement or repair by an employer of artificial members, devices or appliances, shall not constitute the payment of compensation under section 25-a. Accordingly, prior to that date, the replacement or repair of artificial members, devices or appliances by the employer, was not affected by the amendment and remained a payment of compensation within the purview of section 25-a. This amendment was not retroactive. The award against appellants was properly made by the board (*Matter of Tipton* v. *Lang's Bakery, Inc.*, 250 App. Div. 696, affd. 275 N. Y. 572). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.