In the Matter of the Claim of ARTHUR USHERSON, Respondent, against GREELEY MILLS, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The problem presented by this case is whether the employer and carrier or the Special Disability Fund under section 25-a of the Workmen's Compensation Law shall be liable for the payments of compensation to be made to the claimant on a reopened case. The board has discharged the Special Fund. The question turns upon how the language of subdivision 1 of section 25-a is to be read. In its pertinent parts it requires the award to be made against the fund and not

the employer and carrier after seven years from the date of injury and three years from " the last payment of compensation ". The injury occurred more than seven years before the application to reopen the case was made, and more than three years after any payment of compensation to the claimant himself was made; but within such three years the employer had been reimbursed by the carrier under a direction of the board on account of wages which had been paid by the employer during the period of disability. This reimbursement to the employer was held by the board to be a "last payment of compensation" within three years and led the board to discharge the Special Fund. We are of opinion the payment to the employer was not a payment of compensation within the scope and definitions of the statute. " Compensation " is defined by the statute as "the money allowance payable to an employee" (Workmen's Compensation Law, § 2, subd. 6). The payment of wages by the employer was in part the compensation, and its payment to the claimant was not postponed or diminished in any way by a claim for reimbursement against the carrier. These fiscal arrangements between employer and carrier do not affect rights of claimants. Cases cited by the Special Fund in support of the determination are not decisive. They involved the furnishing of medical aids, such as a truss (*Matter of Patti* v. *Knickerbocker Fireproofing Co.*, 255 App. Div. 732; *Matter of Schneider* v. *Durst Manufacturing Co.*, 265 App. Div. 1022); or bandages (*Matter of Niker* v. *McCormick,* 273 App. Div. 1037); or a medical bill was paid (*Matter of Leland* v. *Sandersons, Inc.*, 272 App. Div. 1093); or the case was still open (*Matter of Branciforte* v. *Kohnstamm & Co.*, 272 App. Div. 855). Decision and award reversed and the claim remitted to the board, with costs to appellant against the Special Fund. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.