■   In the Matter of the Claim of FRANK F. PUGLIA, Respondent, against SING SING PRISON et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision of the Workmen's Compensation Board discharging the Special Fund for Reopened Cases under section 25-a from liability. Claimant, employed as a guard by the State employer, Sing Sing Prison, sustained a compensable injury to his back on July 30, 1942. More than seven years thereafter and three years after payment of compensation — time requirements of section 25-a — claimant made application to reopen (Oct. 9, 1953), claiming a disc condition. The board originally determined that there was an advance payment of compensation as the result of claimant being assigned lighter work by his employer. This court reversed and remitted, holding the record was not clear as to how much of the absent time was charged to sick leave. (3 A D 2d 871.)  The periods involved were from March 23, 1951 to March 26, 1951 and from September 7, 1953 to September 11, 1953. At the subsequent hearings the. Warden testified and produced records to show that as to these dates, claimant reported " sick " and the absences were charged to sick leave which, he testified, was provided for under the provisions of the Civil Service Law (State Attendance Rules for Employees, rule 2, subd. 3). The payment of full wages was not voluntary but mandatory under the rule mentioned herein and was not a payment of compensation so as to relieve the Special Fund for Reopened Cases. (See, also, *Matter of Sokoloff* v. *New York State Dept. of Labor*, 9 A D 2d 830.)  Decision and award reversed and matter remitted for findings not inconsistent with this memorandum, with costs to the appellant against the Special Fund. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.