In the Matter of the Claim of WILLIAM KROSKY, Respondent, v. SHELL OIL COMPANY, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeals from a decision which made an award against the self-insured employer for disability due to recurrence of a back condition and discharged the Special Fund for Reopened Cases, and from two subsequent decisions, one directing deletion from the shortened record of a purported union agreement not in evidence and the other denying an application to reopen the case for the introduction of said agreement and of evidence in connection therewith. The

accident occurred on October 31, 1951. The last payment of compensation prior to reopening was on May 25, 1956. The case had been closed on April 3, 1956, claimant being then employed without loss of earnings, on a finding of moderate partial disability. The case was reopened on a medical report, dated September 14, 1960, showing recurrence of "back problem", previous disc syndrome, lumbar; showing, also, the resumption of medical treatment; and describing the "present disability or condition not present at time case was last closed" as being "Limited bending, assymetry and pain of a subjective nature in lumbar area." There was uncontradicted proof at a subsequent hearing that claimant lost two days' work because of this disability, that he notified the employer that his loss of time was due to the 1951 accident and that he was paid in full for the two days of lost time, as, indeed, the employer's representative testified. The Special Fund was discharged, on the finding of an advance payment of compensation within the three-year limitation (Workmen's Compensation Law, § 25-a, subd. 1), the case was continued against the employer, was later closed and subsequently reopened, upon a showing of further disability and the necessity of a brace and of medical treatment, and again the Special Fund was discharged. Contrary to appellant's first contention urged as requiring reversal, the medical reports demonstrated changes in condition and were sufficient, in each instance, to put the board on notice and to warrant the board in treating the report as an application to reopen. (*Matter of Norton* v. *New York State Dept. of Public Works*, 1 N Y 2d 844; *Matter of Palmeri* v. *du Pont de Nemours & Co.*, 3 A D 2d 782, mot. for lv. to app. den. 3 N Y 2d 705 [recurrence of back condition]; *Matter of Lautzenheiser* v. *Foster-Hatch Med. Group*, 251 App. Div. 913, mot. for lv. to app. den. 275 N. Y. 651 [recurrence of kidney condition].) The authorities upon which appellant mistakenly relies involved merely routine medical reports indicating no change of condition. (*Matter of Gauzza* v. *Columbia Presbyterian Hosp.*, 15 A D 2d 710; *Matter of Tripoli* v. *Crucible Steel Co.*, 12 A D 2d 425, affd. 10 N Y 2d 877; *Matter of McKenna* v. *Elm Tremont Coal Co.*, 9 A D 2d 458.) We find insubstantial, also, appellant's additional contention — that the payment under its disability plan for two days' lost time did not constitute an advance payment of compensation. This purely factual issue was fully supported by the evidence, including the employer's records. Appellant's contention to the contrary rests largely on its interpretation of *Matter of Stewart* v. *First Nat. City Bank of N. Y.* (15 A D 2d 622, mot. for lv. to app. den. 11 N Y 2d 645), in which case, however, the board found, as appears from the record on appeal, that the payments of salary would have been made "whether or not there had been a compensable injury", but here the payment for the first two days of disability could be made, under the employer's plan, only for "occupational disabilities" and, when made, were so classified on the employer's records. In *Matter of Murray* v. *Packard* (2 A D 2d 907), also cited by appellant, the employer, as the record on appeal demonstrates, paid the first week's salary to any employee who was disabled that long or longer for any reason whatsoever. We find no error or abuse of discretion in either of the other decisions appealed from. Decisions affirmed, with one bill of costs to respondent Special Fund. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.