In the Matter of the Claim of NORMAN RIVARD, Respondent, v. NEW YORK STATE POLICE STATE CAMPUS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 14, 1974.

*Herbert Lasky* (*Louis Busell* of counsel), for appellants.

*Richard C. Wagner* for Norman Rivard, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 3, 1973, which awarded compensation benefits to the claimant.

The claimant was employed by the New York State Police as a senior investigator in the Division of Criminal Investigation immediately prior to and in August of 1968. For approximately three months prior to August of 1968, he had been placed on special assignment in Albany. He testified generally to the effect that his particular assignment required the meeting of various deadlines in regard to the renewal of wire tap orders and that he had worked some 10½ to 11 hours per day without leaving his work desk for lunch breaks. On August 5, 1968 he ate a sandwich at lunch time and then felt pain which he thought was indigestion. On August 7, 1968 he again felt rather sharp pain after a sandwich at lunch time, but continued working. After leaving work on August 7, 1968 and after having had his evening meal with a coworker, he suffered severe pain while returning to his motel room. The coworker contacted the employer's division finance officer who, in turn, sent the division surgeon to examine the claimant. The employer's doctor advised the claimant that he possibly had a hiatus hernia and that if the pains persisted he would enter the claimant in an Albany hospital for tests. The claimant continued working until August 9, 1968 when, following a verbal altercation with a superior, he flew from Albany to the area of his regular station in Buffalo. Following the altercation and throughout the airplane trip, the claimant had attacks of severe pain. When he reached Buffalo, a coemployee met him at the airport and immediately transported him to a hospital. Thereafter, the claimant's condition was diagnosed as acute coronary thrombosis. From August 9, 1968 through July 17, 1972, the claimant was from time to time disabled from performing his work.

During such periods of disability, the claimant would receive his regular wages, however, such payments were charged against his accumulated sick leave time. The claimant did not file a claim for compensation until July 17, 1972 which was nearly four years after the date of accident found by the board, August 9, 1968.

Upon this appeal, the appellants contend that the claim is barred because it was not filed within two years after the accident and in accordance with the exception provided by section 28 of the Workmen's Compensation Law, the employer had not

made any advance payments to the claimant which would waive the two-year period. Further, the appellants contend that the record does not contain substantial medical evidence to support the finding of the board that the injury arose out of the course of the employment.

The sole medical evidence in this record consists of an opinion by the claimant's attending physician that the disabling heart condition " because of tension, aggravation, anxiety [in claimant's work activity and duties] could very well have brought on his original coronary attack." While the words " could have " might indicate some uncertainty on the attending physician's part as to causation, nevertheless, the board was free to accept the statement as an opinion supporting causation. (See *Matter of De Nucci* v. *Navajo Frgt. Lines,* 31 A D 2d 868, 869.) The claimant in his testimony detailed work activities and the appellants failed to dispute the medical opinion. Under such circumstances, the evaluation of the medical evidence was for the board and it is based upon substantial evidence.

The more substantial issue upon this appeal is whether or not the record sustains the finding of the board that there was an advance payment of compensation so as to waive the two-year period of the filing of a claim contained in section 28 of the Workmen's Compensation Law. The board found an advance payment of compensation by virtue of the fact that the claimant received his wages during periods of disability from the employer. However, the record establishes that those payments were solely the result of the accumulated sick leave which prior to the disability had been credited to the claimant. In regard to such payments which are solely credited to accumulated sick leave it has been well established that the same is not an advance payment of compensation within the meaning of the Workmen's Compensation Law (*Matter of Puglia* v. *Sing Sing Prison,* 9 A D 2d 831, affd. 8 N Y 2d 891; *Matter of Sokoloff* v. *New York State Dept. of Labor, Division of Safety Serv.,* 9 A D 2d 830) and although those decisions related to special fund liability pursuant to section 25-a of the Workmen's Compensation Law, the same reasoning must be applied to the exception in section 28 of the Workmen's Compensation Law (*Matter of Lombardo* v. *Endicott Johnson Corp.,* 275 App. Div. 18, 22). It is thus apparent that the board has erred insofar as it has found that wages paid during the disability periods would constitute an advance payment of compensation.

Nevertheless, the board has not only found that the accidental injury was sustained on August 9, 1968 but has also found that

all lost time was due to the incident of August 7, 1968. The board found: " After review, the majority of the members of this Panel finds on the credible evidence that the claimant sustained an accidental injury arising out of and in the course of employment when he sustained a coronary thrombosis on August 9, 1968. The medical evidence indicates causal relationship between claimant's activities prior to the attack and the subsequent acute coronary thrombisis and open heart surgery. The Board finds * * * knowledge that such lost time was due to the incident of August 7, 1968 ".

It is well settled that the furnishing of medical services can be found by the board to be advance compensation and thus a waiver of the two-year period for the filing of claims contained in section 28 of the Workmen's Compensation Law. (See *Matter of Lombardo* v. *Endicott Johnson Corp., supra; Matter of Capuano* v. *Ideal Roller and Mfg. Co.,* 24 A D 2d 792.)

The board's reference to the accidental injury occurring when the coronary thrombosis was sustained on August 9, 1968 and its finding that all of the lost time for which wages were paid was due to the incident of August 7, 1968 leave its decision ambiguous as to what effect, if any, it assigned to the medical treatment and advice on August 7, 1968.

Under such circumstances, remittal to the board is required for the purpose of such further proceedings as it may deem necessary and the finding of facts and rendering of a new decision in regard to the occurrence of August 7, 1968.

The decision should be reversed, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.

REYNOLDS, J. (dissenting). While I agree with the majority statement that the wages paid and accredited to accumulated sick leave are not advance payments, I disagree to the reference that the medical services rendered might form a basis for a waiver of section 28 of the Workmen's Compensation Law. This could only be so if the employer, as a result thereof, has knowledge of a *compensable injury* and not just an illness (*Matter of Capuano* v. *Ideal Roller and Mfg. Co.,* 24 A D 2d 792). There is nothing whatever in the record to support such knowledge, and thus I would vote to dismiss the claim completely.

STALEY, JR., SWEENEY and MAIN, JJ., concur with HERLIHY, P. J.; REYNOLDS, J., dissents and votes to dismiss in an opinion.

Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.