■ In the Matter of the Claim of ARTHUR J. BROCK, Respondent, v GREAT A & P TEA Co., INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 15, 1980, which affirmed a referee's decision discharging the Special Disability Fund under

section 25-a of the Workers' Compensation Law. Claimant sustained a compensable back injury in 1967. An award was made and the case was closed in 1971. The case was reopened in 1978 and a hearing was held to determine the liability of the Special Fund under section 25-a of the Workers' Compensation Law. The employer conceded that claimant was paid for lost time within three years of the application to reopen with knowledge that the lost time· was a result of the 1967 injury (see Workers' Compensation Law, § 25-a, subd 1), but explained that the payment was made pursuant to a company plan which entitled claimant to the lost-time payment without regard to whether the disability was job related. The referee discharged the Special Fund, and the board affirmed, finding that "the employer had knowledge that claimant's lost time in January, 1978 was the result of the injury of August 3, 1967 and payment of wages was made with knowledge." There must be a reversal. "[I]t is well established that payments by an employer which result solely from a finding of disability regardless of its cause are not advance payments of compensation" *(Matter of Krystofik v General Elec. Co.,* 54 AD2d 137, 139). Wages paid and credited to accumulated sick leave are not payments of compensation (see *Matter of Jefferson v Bronx Psychiatric Center,* 78 AD2d 922, mot for lv to app granted 54 NY2d 601; *Matter of Rivard v New York State Police Campus,* 46 AD2d 34). Where, as here, the payments are made pursuant to a sick-leave plan which covers disability irrespective of the cause, the payments do not constitute compensation within the meaning of subdivision 1 of section 25-a of the Workers' Compensation Law (compare *Matter of Stewart v First Nat. City Bank of N.Y.,* 15 AD2d 622, with *Matter of Krosky v Shell Oil Co.,* 26 AD2d 847). Decision reversed, with costs to the employer and its insurance carrier against the Special Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.