■ In the Matter of the Claim of PAUL URBAN, Respondent, v NYS LETCH- WORTH VILLAGE et al., Appellants. SPECIAL FUND FOR REOPENED CASES, Re- spondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 19, 1981, which discharged the Special Fund for Reopened Cases from liability. Claimant, a State of New York employee, sustained a compensable back injury on July 18, 1968, for which the board indexed a claim on December 17, 1976. The award directed the State Insurance Fund to reimburse the employer for compensation paid from September 7, 1976 to July 28, 1977. On August 11, 1977, the carrier notified the board that it had fully reimbursed the employer. Thereafter, a myelography revealed a herniated disc. Upon claimant's application, the case was reopened by board order of restoral, dated August 17, 1978, and a further award was made. The board denied the carrier's application for discharge under section 25-a, finding that the carrier paid the initial award without raising the issue of section 25-a liability and without appealing, and that the reopening was within three years of the last payment of compensation. The carrier now appeals. Section 25-a provides, in pertinent part, for Special Fund liability "after a lapse of seven years from the date of injury * * * and also a lapse of three years from the date of the last payment of compensation" (Workers' Compensation Law, § 25-a, subd 1). There is no dispute that the first statutory requirement has been met. Essentially, the carrier seeks to shift liability to the Special Fund on the contention that no payments of compensa- tion had been made within three years of the reopening. The carrier argues that payments made by the employer for the disability period from September 7, 1976 to July 28, 1977 were mandatory sick leave benefits, not compensation, and that the reimbursement payment made by the carrier in August of 1977 did not constitute an advance payment of compensation (see *Matter of Puglia v Sing Sing Prison*, 9 AD2d 831, affd 8 NY2d 891). We disagree. "Compensation" is defined by the statute as "the money allowance payable to an employee" (Workers' Compensation Law, § 2, subd 6). The determination of whether advance payments have been made is factual and must be sustained if supported by substantial evidence (*Matter of Holmes v McCampbell*, 39 AD2d 624, 625). Here, the employer payments and the carrier reimbursement were

within three years of the reopening (cf. *Matter of Usherson v Greeley Mills,* 7 AD2d 809 [case reopened more than three years after any payment of compensation to the claimant himself was made]). Contrary to the carrier's contention that the payments were mandated pursuant to contractual agreement, the State attendance rules for employees make *discretionary* a grant of sick leave at half pay after an employee's sick leave, vacation and overtime credits have been exhausted (4 NYCRR 21.4, 21.5). In this regard, claimant testified that his accumulated sick leave had run out and yet the employer continued to provide him with half pay. Pursuant to the above stated rules, these payments were not compulsory, but at the employer's discretion. In our view, the record supports a determination that the payments made by the employer were, at least in part, compensation. Since the case was reopened within three years of the employer's last payment, the carrier remains liable (Workers' Compensation Law, § 25-a, subds 1, 7; *Matter of Riley v Aircraft Prods. Mfg. Corp.,* 40 NY2d 366). Decision affirmed, with costs to the Special Fund for Reopened Cases. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.