■ In the Matter of the Claim of EDWARD SCHULTZ, Appellant, v VOLTRO DISTRIBUTORS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD,

Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 13, 1981, as amended by decision filed February 5 1982, which disallowed the claim. An auto parts salesman, claimant suffered work-related injuries on November 13, 1972. It was not until January 3, 1975, nearly two months after expiration of the two-year time requirement set forth in section 28 of the Workers' Compensation Law, that claimant filed for compensation. The referee found the employer had made advance payments of compensation, and honored the claim. The board reversed this finding, disallowed the claim, and closed the case. A misstatement in the board's memorandum decision that the claim was not filed until January 28, 1979, is an error of no particular significance, for it does not affect the ultimate determination made by the board, and it is conceded by claimant that the claim was in fact not filed within two years (see *Matter of Pfeffer v Parkside Caterers,* 42 NY2d 59, 63). A finding of advance payment is sustainable when the continued remuneration carries with it some acknowledgement or recognition of liability (*Matter of Rossini v Arcade Cleaning Corp.,* 79 AD2d 779); when payments are made regardless of the cause of the injury, there is no basis for claiming advance payment (see *Matter of Brock v Great A & P Tea Co.,* 84 AD2d 645). Here, though the employer paid claimant's salary during the several two- and three-day periods the latter was unable to work following the accident, there was ample testimony that, as a salaried employee, he received his full pay automatically for at least two weeks during any period of illness, whether job related or not. In addition, during at least some of the time he was absent because of his injury, claimant apparently continued to file sales reports and receipts, indicating that the continued payments related somewhat to labor performed instead of compensation (see *Matter of Lewis v College Knitting Mills,* 37 AD2d 1019, affd 31 NY2d 727). These factors, coupled with the lack of any evidence that the moneys paid were intended as advance compensation, fully justify the board's decision. The suggestion that the employer did not seasonably file its notice of controversy as required by section 25 of the Workers' Compensation Law, thereby relieving claimant of the need to comply with the two-year limitation contained in section 28, need not be addressed for it was never urged or considered below (*Matter of Leary v Ward Baking Co.,* 63 AD2d 1065). Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.