■ In the Matter of the Claim of MURRAY FELDMAN, Respondent, v PRESBYTERIAN HOSPITAL et al., Appellants, and SPECIAL FUNDS FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed March 19, 1984, which discharged the Special Fund for Reopened Cases from liability.

Claimant sustained a compensable back injury in 1966, for which an award was made and the case closed in 1967. He lost additional time from work from July 18 to July 23, 1979 without pay and, in June 1980, the case was reopened. A hearing was held to determine the liability of the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a. Claimant testified that he was treated at the employer's clinic during the 1979 absence, with the employer's knowledge that the treatment was necessitated by his initial back condition. In addition, claimant indicated that he had been repeatedly treated at the employer's clinic since 1966, that he may have lost other days of work between 1977 and 1980, and that he was paid regardless of whether he took time off during the work day for the clinic visits. The employer's representative attributed such payments to company policy, which provided up to 10 weeks of mandatory sick leave at full pay without regard to cause, and contended that the nonpayment in 1979 was the result of an erroneous assumption that claimant had utilized all his sick leave. The representative further acknowledged claimant's treatment at the clinic, but explained that all employees were afforded medical care without regard to the employment contract. The Workers' Com-

pensation Law Judge discharged the Special Fund and the Workers' Compensation Board affirmed, finding that "there was an advance payment of compensation and the employer had knowledge that the claimant's lost time was due to his compensable injury of 1966".

On appeal, the employer and its insurance carrier contend that compensation had not been paid within three years of the reopening, since payments for lost time were provided pursuant to company policy without regard to cause. The determination of whether advance payments have been made presents a factual matter for Board resolution *(Matter of Urban v NYS Letchworth Vil.,* 91 AD2d 1090). However, payments made pursuant to a sick leave plan regardless of cause are not advance payments of compensation *(Matter of Brock v Great A & P Tea Co.,* 84 AD2d 645, 646, *appeal withdrawn* 56 NY2d 593; *Matter of Krystofik v General Elec. Co.,* 54 AD2d 137, 139). There must be some acknowledgment or recognition of liability in order for continued remuneration to constitute an advance payment *(see, Matter of Schultz v Voltro Distribs.,* 92 AD2d 990, 991). Any payments that claimant received due to accumulated sick leave are clearly not advance payments *(see, Matter of Jefferson v Bronx Psychiatric Center,* 78 AD2d 922, *affd* 55 NY2d 69; *Matter of Rivard v New York State Police State Campus,* 46 AD2d 34, 36).

The issue distills to whether an advance payment was made when claimant was treated at the employer's clinic during working hours and was paid full wages.* Although the employer's representative testified that an employee would be entitled to payment whether he lost "an hour or a half hour or a day or two days", the employer's "Policy and Procedure Manual" specifies that, for periods of partial disability, an employee is only entitled to a percentage of full pay as determined "in the judgment of the [employer]". Inasmuch as claimant was fully reimbursed for his clinical visits and payment was discretionary during these periods, the Board's determination that payments made by the employer were, at least in part, compensation within the meaning of Workers' Compensation Law § 25-a is supported by substantial evidence *(Matter of Urban v NYS Letchworth Vil., supra,* p 1091). This conclusion is buttressed by the fact that claimant was reimbursed for clinical visits in 1979 even though the employer

---

* Since neither party raised the issue before the Board, we do not consider whether the provision of medical care amounted to an advance payment *(see, Matter of Romano v Franklin Gen. Hosp.,* 108 AD2d 971, 972).

erroneously assumed that his accumulated sick leave had been exhausted. Since the case was reopened within three years of the employer's last payment, the insurance carrier remains liable.

Decision affirmed, with costs to the Special Fund for Reopened Cases. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.