■ In the Matter of the Claim of VINCENT CANNATO, Appellant, v F & M SCHAEFER BREWING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 1985.

Claimant, a beer salesman, suffered a heart attack while lifting kegs of beer at work on April 22, 1972. He was hospitalized and remained out of work until January or February 1973. Subsequently, in 1977 he ceased working due to his poor health and in July 1981 filed a claim for Workers' Compensation benefits based upon the 1972 heart attack. The Workers' Compensation Board found that the claim was time barred, overruling a contrary decision of the Workers' Compensation Law Judge. We now affirm.

A claimant's right to compensation under the Workers'

Compensation Law will be barred if the claim is not filed within two years after the occurrence of an accident or resultant death (Workers' Compensation Law § 28). However, if the employer or carrier make advance payments of compensation to the employee in conjunction with some acknowledgment or recognition of liability under the Workers' Compensation Law, the time-barring provisions of Workers' Compensation Law § 28 are waived (Workers' Compensation Law § 28; *Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991). Claimant here contends that the employer's payment of wages to him from the time of his heart attack until he returned to work in 1973 constituted such advance payments. However, the testimony of the employer's representative was to the effect that such payments in their entirety were made as part of its employment disability plan, whereby disability payments were made to a sick employee regardless of the cause of injury. Payments made regardless of the cause of injury do not constitute advance payments within the meaning of Workers' Compensation Law § 28 *(Matter of Schultz v Voltro Distribs., supra).*

Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.