■ In the Matter of the Claim of RALPH NATALE, Respondent, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 594]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 25, 2003, which, inter alia, directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases.

In this appeal, the Special Fund for Reopened Cases (herein-

---

after Fund; *see* Workers' Compensation Law § 25-a) challenges its liability for benefits awarded to claimant. In December 1986, claimant, a correction officer employed by the New York City Department of Correction, was reportedly stabbed in the arm with a bloody knife-like weapon while attempting to break up a fight among inmates. He received treatment at a Department of Correction's health facility and returned to work the following day. Nearly 11 years later, in late 1998, he was diagnosed as HIV positive. He applied for workers' compensation benefits and disability retirement, the latter of which was approved in February 1999. The workers' compensation claim was initially delayed by claimant's failure to produce a medical report. The medical report was eventually provided, resulting in a Workers' Compensation Law Judge (hereinafter WCLJ) finding prima facie medical evidence in September 2000. The claim was controverted by the Department of Correction, a self-insured employer, and the City of New York (hereinafter collectively referred to as the employer).

A July 2001 hearing resulted in a WCLJ finding a permanent total disability and making awards. At that hearing, the employer excepted to the establishment of the claim, requested an opportunity to cross-examine claimant's physician and raised a Workers' Compensation Law § 25-a issue. Upon review, the Workers' Compensation Board, while not addressing the section 25-a issue, nevertheless rescinded the WCLJ's decision and reopened the case to permit testimony of claimant's physician. The employer again raised the section 25-a issue before the WCLJ, resulting in the Fund being placed on notice in a July 31, 2002 decision. The testimony of claimant's physician was taken in September 2002. In March 2003, the WCLJ found permanent total disability, made an award of benefits, and determined that section 25-a did not apply. The Board, in a decision filed June 25, 2003, subsequently upheld the award of benefits, but determined that section 25-a applied and, therefore, that the Fund was liable for the claim. The Fund appeals.

Based upon its contention that it was prejudiced by a lack of earlier notice, the Fund urges that the Board's decision should be rescinded and the matter remitted to the WCLJ for new proceedings at which it can fully participate. We are unpersuaded. The Fund received notice of the WCLJ's July 31, 2002 decision and a copy of the employer's summation to the WCLJ opposing the claim and arguing that if the claim were compensable then liability should be shifted to the Fund. The employer also served the Fund with a copy of its appeal to the Board, which continued the assertion that the Fund was responsible

for the claim. Yet, the Fund did not argue before the WCLJ or the Board that the timing of the notice caused it prejudice. Indeed, it did not participate or take a position in any of the proceedings. Under such circumstances, any issue regarding the time of the notice was waived (*see Matter of Totino v Helann Trucking Corp.*, 71 AD2d 736, 737 [1979]).

Next, we consider the Fund's argument that the Board erred in finding Workers' Compensation Law § 25-a applicable in this claim. The purpose of that statute is to shift liability for stale claims to the Fund and, thus, the Fund is required to cover payments if a case is reopened more than seven years from the date of injury and three years following the last payment of compensation (*see Matter of Riley v Aircraft Prods. Mfg. Corp.*, 40 NY2d 366, 367-369 [1976]; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]). Here, the record supports the Board's determination that an informal award was made in December 1986 when, as stated by the warden of the correctional facility where claimant worked, claimant was escorted to the Department of Correction's health facility to receive medical treatment for his puncture wound (*see Matter of Loiacono v Sears, Roebuck & Co., supra* at 354; *Matter of Quinn v State of New York*, 70 AD2d 670, 671 [1979]), and that case essentially closed the next day when claimant returned to work. There was no further claim regarding the injury until January 1999 when this claim was filed. The approval of claimant's application for accidental disability retirement in February 1999 did not constitute a payment of compensation within three years because such approval did not occur until after claimant had reopened his claim for workers' compensation benefits. There is substantial evidence supporting the Board's determination that the Fund is liable for payment of this claim.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.