In the Matter of PATRICIA FAISON, Respondent, v CITY OF NEW YORK DEPARTMENT OF HUMAN RESOURCES, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 167]—

Crew III, J.P. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 9, 2004 and November 17, 2004, which discharged the Special Fund for Reopened Cases from liability.

Claimant injured her back in a work-related accident in December 1991 and received an award of workers' compensation benefits. In October 1993, claimant was found to have sustained a permanent partial disability and her case was closed. Claimant returned to work in April 1994. Thereafter, in December 2001, claimant applied to reopen her case. A hearing ensued, at the conclusion of which a Workers' Compensation Law Judge found that claimant's employer voluntarily made advance payments of compensation within three years of the application to reopen and, hence, directed that the employer,

rather than the Special Fund for Reopened Cases, make disability payments to claimant. Upon review, a panel of the Workers' Compensation Board affirmed, prompting the employer to appeal the Board panel's original and amended decision.

Pursuant to Workers' Compensation Law § 25-a, where a compensation case is reopened more than seven years from the date of the underlying injury and three years following the last payment of compensation, liability for such claim shifts from the employer to the Special Fund (*see Matter of Natale v New York City Dept. of Correction*, 17 AD3d 877, 879 [2005]; *Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 353 [1997]). As claimant's case was closed in October 1993, the issue distills to whether there is substantial evidence in the record to support the Board panel's finding that the employer made an advance payment of compensation within the relevant three-year period, December 1998 to December 2001.

In this regard, the case law makes clear that remuneration in the form of wages or medical treatment may constitute an advance payment of compensation when such "continued remuneration carries with it some acknowledgement or recognition of liability" (*see Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991 [1983]; *see Matter of Kaschak v IBM Corp.*, 256 AD2d 830, 831 [1998]). The case law makes equally clear, however, that "[w]ages paid and credited to accumulated sick leave are not payments of compensation" (*Matter of Brock v Great A & P Tea Co.*, 84 AD2d 645, 646 [1981], *appeal dismissed* 56 NY2d 593 [1982]; *see Matter of Petitt v Eaton & Van Winkle*, 5 AD3d 822, 823 [2004]). Stated another way, "payments made pursuant to a sick leave plan regardless of cause are not advance payments of compensation" (*Matter of Feldman v Presbyterian Hosp.*, 114 AD2d 549, 550 [1985]; *see Matter of Marker v Bell Atl.*, 5 AD3d 818, 819 [2004]).

Here, claimant testified that when she missed work due to her work-related injury, as well as for any other reason during the relevant time period, she was paid wages and the time was deducted from her accrued sick leave. Claimant further testified, and the documentary evidence in the record reflects, that her attempts to have such sick leave restored to her were unsuccessful. Although claimant also testified that she received treatment for her work-related injury between December 1998 and December 2001 and, on each occasion, was required to submit a request for leave and complete a C-11 workers' compensation form for the employer, the C-11s contained in the record on ap-

peal do not encompass the three-year period at issue.* Moreover, the record as a whole does not establish that the wages paid to claimant during the relevant time period were voluntarily made in recognition of continuing liability for her work-related injury rather than as a requirement of the underlying employment contract. Under such circumstances, we cannot say that there is substantial evidence to support the Board panel's finding that the employer voluntarily made advance payments of compensation within three years of claimant's application to reopen. Accordingly, the decision and amended decision are reversed, and liability should be transferred from the self-insured employer to the Special Fund.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

* The most recent C-11 contained in the record is dated March 20, 1998.