■ In the Matter of the Claim of WILFREDO FUENTES, Claimant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 861]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 15, 2006, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related back injury in August 1998 and was paid workers' compensation benefits through February 2000, when the case was closed. Claimant was subsequently out of work again due to the back injury and was paid his salary between November 30, 2005 and December 17, 2005. Claimant was examined by his treating physician, Avraham Henoch, on December 15, 2005, and Henoch filed a C-27 form on December 21, 2005, asserting that claimant was disabled due to his previous injury and requesting that the claim be reopened and services authorized. Claimant's self-insured employer began making compensation payments to claimant to cover the period beginning December 19, 2005.

Following a hearing in May 2006, the Workers' Compensation Law Judge (hereinafter WCLJ) found that this was not a stale claim to be transferred to the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a because compensation payments had been made within three years of the reopening. Claimant's employer and its workers' compensation carrier then sought review by the Workers' Compensation Board, and the Board determined that claimant had not received an advance payment of compensation and transferred liability for the claim to the Special Fund. The Special Fund appeals, and we now affirm.

Whether Workers' Compensation Law § 25-a is applicable in a

given case is an issue of fact for the Board, and its determination must be upheld if supported by substantial evidence (*see Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1150 [2005]; *Matter of Jansch v Sagamore Children's Fund*, 302 AD2d 851, 852-853 [2003]). Liability for workers' compensation awards is transferred from the employer to the Special Fund where there has been a "lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation" to the time the application to reopen was made (Workers' Compensation Law § 25-a [1]). The Special Fund now concedes that Henoch's December 21, 2005 C-27 form served as an application to reopen the claim and it is undisputed that more than seven years has passed from the time of the accident in August 1998 to the application to reopen. The narrow issue in dispute, therefore, is whether a payment of compensation was made within three years of the application to reopen which would preclude transfer of liability to the Special Fund.

Advance payments that are made voluntarily, in recognition of an employer's liability, are payments of compensation (*see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d 829, 830 [2005], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991 [1983]). However, wages that are paid "pursuant to a sick-leave plan which covers disability irrespective of the cause" do not constitute advance payments of compensation for purposes of Workers' Compensation Law § 25-a (*Matter of Brock v Great A & P Tea Co.*, 84 AD2d 645, 646 [1981]; *see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d at 830). Here, claimant testified at the May 2006 hearing that he was paid while he was out of work during November and December 2005 but that the payments were charged to his accumulated sick leave, and that he would have received the sick pay regardless of the reason for his inability to work. As such, substantial evidence supports the Board's finding that the payments made to claimant from November 30, 2005 to December 17, 2005 were pursuant to a sick leave plan and, therefore, did not constitute advance payments of compensation (*see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d at 830).

Likewise, we conclude that the Board appropriately held that, despite the finding that benefits resumed for the period beginning December 19, 2005, the employer did not pay compensation benefits within three years of the December 21, 2005 application to reopen. It is unclear from the record when the compensation payments for the period beginning December 19, 2005 were actually paid, but there is substantial evidence in the

record to support the conclusion that they were made in response to the application to reopen which was based upon Henoch's December 15, 2005 examination of claimant. On these facts, it can be concluded that benefit payments resumed contemporaneous with the request to reopen and, consistent with the purpose and spirit of the Workers' Compensation Law (*see Matter of Mealing v Hills*, 132 AD2d 759, 760-761 [1987], *lv denied* 70 NY2d 612 [1987]; *Matter of Thomas v Zabriskie Motors*, 83 AD2d 696, 697 [1981]), we reject the Special Fund's suggestion that applicability of Workers' Compensation Law § 25-a was defeated by the payment to claimant of benefits for the period beginning two days prior to the application to reopen, when more than five years had passed since the last payment of compensation.

Finally, to the extent that the Special Fund contends that all payments made by a self-insured employer constitute voluntary payments of compensation, rather than wages paid pursuant to a sick leave plan, we have clearly rejected that argument (*see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d at 830-831).

Peters, J.P., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.