■ In the Matter of the Claim of FRANK LAURITANO, Respondent, v CONSOLIDATED EDISON COMPANY OF N.Y., INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 252]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 24, 2007, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a work-related heart attack in June 1992 and received workers' compensation benefits until September 1992. In 1997, claimant received an additional award for intermittent lost time between 1992 and 1997, and there is no dispute that the case was closed at that time. Claimant subsequently suffered another heart attack and underwent bypass surgery in 1999. He was absent from work for four months. The claim was reopened in 2001, and a Workers' Compensation Law Judge determined that this was not a stale claim transferable to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board thereafter reversed, finding that liability had shifted to the Special Fund. The Special Fund appeals, and we now affirm.

"Whether Workers' Compensation Law § 25-a is applicable in a given case is an issue of fact for the Board, and its determination must be upheld if supported by substantial evidence" (*Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 873-874 [2008] [citations omitted]). Liability transfers to the Special Fund when an application to reopen a closed case is made more than seven years after the date of injury and more than three years after the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]; *Matter of Marshall v Roth Bros. Smelting Corp.*, 55 AD3d 1189, 1190 [2008]).

The Special Fund contends that all payments made by the employer to claimant for lost time due to the 1999 heart attack and subsequent surgery were payments of compensation within three years prior to the reopening of the case, precluding the transfer of liability. Generally, voluntarily made advance payments are deemed to be payments of compensation, while "wages that are paid pursuant to a sick-leave plan which covers disability irrespective of the cause do not constitute advance payments of compensation for purposes of Workers' Compensation Law § 25-a" (*Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d at 874 [internal quotation marks and citation omitted]; *see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d 829, 830 [2005], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Brock v Great A & P Tea Co.*, 84 AD2d 645, 646 [1981], *appeal dismissed* 56 NY2d 593 [1982]). Here,

claimant testified that he was paid wages during his absence from work in 1999 and 2000 pursuant to the employer's sick leave plan and that he would have received sick pay regardless of the cause of his absence. Accordingly, the Board's determination that such payments did not constitute payments of compensation is supported by substantial evidence (*see Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d at 874). Finally, we note that this Court has repeatedly and expressly rejected the Special Fund's contention that all payments made by a self-insured employer constitute payments of compensation (*see id.* at 875; *Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d at 830-831).

Peters, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.