McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 29, 2012, which ruled, among other things, that liability for the claim did not shift to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
In 1982, claimant injured his back in a work-related accident and, subsequently, a workers’ compensation claim was estab *1144 lished and he was classified as permanently partially disabled. Claimant was paid intermittent lost time benefits covering periods between 1982 and 1999 and, in January 2000, his case was closed. In May 2011, the self-insured employer sought to transfer liability for the claim to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. Following hearings, a Workers’ Compensation Law Judge found that liability was properly transferred to the Special Fund and, further, that Workers’ Compensation Law § 123 applied to foreclose any further payment of indemnity benefits. Claimant and the Special Fund appealed and the Workers’ Compensation Board reversed, finding that the employer had made an advance payment of compensation within the last three years and, as such, remained liable for the claim. The employer and its third-party administrator now appeal.
We reverse. Pursuant to Workers’ Compensation Law § 25-a, the transfer of liability for a claim is appropriate “ ‘when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation’ ” (Matter of Schroeder v US Foodservice, 107 AD3d 1135, 1136 [2013], quoting Matter of McLean v Amsterdam Nursing Home, 72 AD3d 1309, 1310 [2010]). Payments that are made voluntarily, and in recognition of the employer’s liability, are considered advance compensation and will prevent the transfer of liability to the Special Fund (see Matter of Schroeder v US Foodservice, 107 AD3d at 1136; Matter of McLean v Amsterdam Nursing Home, 72 AD3d at 1310; Matter of Fuentes v New York City Hous. Auth., 53 AD3d 873, 874 [2008]). However, because acknowledgment of liability by the employer is essential to the determination, “payments made pursuant to a sick leave plan regardless of cause are not advance payments of compensation” (Matter of Feldman v Presbyterian Hosp., 114 AD2d 549, 550 [1985]; see Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc., 59 AD3d 757, 758 [2009]; Matter of Brock v Great A & P Tea Co., 84 AD2d 645, 646 [1981]).
Here, claimant testified that, although he continued to lose two or three weeks of time from work per year due to his compensable injury, his wages were paid pursuant to the employer’s sick leave policy, which made no distinction between time lost due to sickness or to injury. The existence of that policy was confirmed by the testimony of a benefits specialist for the employer. Accordingly, the Board’s determination that the employer made advance payments of compensation was error (see Matter of Brock v Great A & P Tea Co., 84 AD2d at 646; *1145 compare Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc., 59 AD3d at 759; Matter of Fuentes v New York City Hous. Auth., 53 AD3d at 874). The Special Fund’s remaining contentions are unpersuasive.
Peters, EJ., Stein and Rose, JJ., concur.
Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.