*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    520785
_____

In the Matter of the Claim of
    MICHAEL J. CASTLER,
                        Appellant,

        v

NATIONAL GRID,
                        Respondent,          MEMORANDUM AND ORDER

        and

SPECIAL FUND CONSERVATION
    COMMITTEE,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                        _____


        Law Firm of Alex Dell, PLLC, Albany (Courtney E. Holbrook
of counsel), for appellant.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Funds
Conservation Committee, respondent.

                        _____


Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed June 4, 2014, which ruled that evidence of an exacerbation
of claimant's injury was not sufficiently documented.

Claimant sustained a work-related injury to his low back in 2006 and was awarded workers' compensation benefits. In January 2013, claimant's chiropractor, Douglas Van Vorst, noted an exacerbation of claimant's low back injury after claimant reportedly shoveled snow and experienced pain in the same area of his back. Van Vorst rendered treatment to claimant from January 18, 2013 to February 6, 2013. In July 2013, Van Vorst again noted an exacerbation of claimant's injury resulting from claimant lifting a kayak and treated claimant from July 2, 2013 through July 18, 2013. The employer's workers' compensation carrier filed a C-8.1 form disputing the medical bills for the treatments rendered asserting, among other things, that the treatments were not based upon a correct application of the Workers' Compensation Board Medical Treatment Guidelines (hereinafter MTG). The Workers' Compensation Law Judge found in favor of the medical provider and directed the carrier to pay the medical bills. The Workers' Compensation Board reversed that decision and ruled in favor of the carrier, summarily finding that Van Vorst, as the medical provider, did not completely document the criteria for exacerbation. This appeal by claimant ensued.

Pursuant to 12 NYCRR 324.2 (a), "[r]egardless of the date of accident[,] . . . treatment of on the job injuries . . . to a worker's lumbar. . . spine . . . shall be consistent with the [MTG]." Although "[a] variance must be requested . . . before medical care that varies from the [MTG] is provided to the claimant" (12 NYCRR 324.3 [a] [1]), no variance request is necessary for the initial treatment of an exacerbation when the care provided is consistent with the MTG (see Employer: E. Ramapo CSD, 2016 WL 1534413, *2 [WCB No. G080 2929, Apr. 7, 2002]). "An exacerbation is deemed to have occurred only when the treating medical provider has fully documented the exacerbation, including when and how it occurred, the objective changes from baseline function, the expected type and frequency of treatments anticipated to return [the] claimant to baseline function and the claimant's response to treatment through documented measures of objective functional improvement" (id.). "Objective measures of functional improvement are defined under § A.3 of the [MTG] as positive patient responses that 'primarily consist of functional gains which can be objectively measured and include, but are not

limited to, positional tolerances, range of motion, strength, endurance, activities of daily living, cognition, psychological behavior, and efficiency/velocity measures which can be quantified. Subjective reports of pain and function should be considered and given relative weight when the pain has anatomic and physiologic correlation'" (Employer: Mohawk Val. Psych Ctr., 2013 WL 5500940, *3, 2013 NY Wrk Comp LEXIS 8821, *6 [WCB No. 6941 2292, Sept. 25, 2013]; see 12 NYCRR 324.2 [b]). "It is not sufficient for a treating medical provider to simply say a claimant had an exacerbation without providing medical evidence to support such a conclusion" (Employer: Mohawk Val. Psych Ctr., 2013 WL 5500940, at *2, citing Employer: Syracuse Util., 2011 WL 6281994, *2, 2011 NY Wrk Comp LEXIS 8253, *5 [WCB No. 6980 6027, Dec. 8, 2011]).

Here, the record reflects that Van Vorst, referencing the MTG requirements, documented both incidents and included a description of how the exacerbations occurred, specifically noting that the January 2013 incident occurred while claimant was shoveling snow and the July 2013 incident occurred while claimant was lifting a kayak. He noted that claimant had managed bouts of back pain since 2006 through stretching exercises and over-the-counter medication. Van Vorst, after incorporating by reference claimant's 2006 baseline or maximum medical improvement, noted claimant's current complaints of pain and recorded the effects on claimant's activities of daily living being limited to a mild degree with sitting, riding in a truck, lifting and bending — which were similar to his 2006 complaints. Upon examination, Van Vorst noted changes from baseline functions, including enumerated decreased flexion and right rotation, tenderness upon palpation, peripheralization with repetitive flexion and positive straight leg raising tests, and that his symptoms were identical to prior complaints associated with the established injury. In both instances, Van Vorst documented clinical signs and subjective symptoms that were in the same area and identical to prior exacerbations.

Further, Van Vorst provided sufficient information regarding the expected type and frequency of appropriate and necessary medical treatment to return claimant to baseline. In addition, Van Vorst provided objective evidence of functional

improvement, including a decrease in spasm, and documented the improvement in the severity of the symptoms with treatment.  In view of the foregoing medical documentation, we cannot say that the Board's finding that Van Vorst did not provide sufficient information in accordance with the MTG regarding the exacerbation of claimant's injury is supported by substantial evidence (see generally Matter of Faison v City of N.Y. Dept. of Human Resources, 24 AD3d 829, 831 [2005], lv dismissed 7 NY3d 783 [2006]; see also Employer: Mohawk Val. Psych Ctr., 2013 WL 5500940 at *1, *3).

Rose, Lynch, Clark and Aarons, JJ., concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.




ENTER:

Robert D. Mayberger
Clerk of the Court